IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 2, 2021

**LARRY BROWN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 15-01373      John Wheeler Campbell, Judge**

———————————————

**No. W2019-01803-CCA-R3-PC**

———————————————

Petitioner, Larry Brown, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief, in which he alleged that his trial counsel was ineffective for failing to "ensure the enforcement of a plea agreement promising concurrent service of Petitioner's state and federal sentences." Upon review, we conclude that the petition was filed outside the one-year statute of limitations applicable to post-conviction proceedings. However, because we are unable to determine from the record whether due process requires the tolling of the statute of limitations, we vacate the post-conviction court's order and remand the case to the post-conviction court for a determination of whether due process tolling applies.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Vacated and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Robert Golder, Memphis, Tennessee, for the appellant, Larry Rena Brown.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd and Nicole Germain, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Factual and procedural background*

On March 24, 2015, the Shelby County Grand Jury indicted Petitioner on the charges of attempted second degree murder and aggravated sexual battery. On February 1, 2016, Petitioner pleaded guilty to attempted second degree murder in count one and the lesser-included offense of aggravated assault in count two. Petitioner agreed to a sentence of nine years for his conviction in count one and a sentence of three years for his conviction in count two with the sentences to run concurrently with each other. The judgments of conviction were entered on May 19, 2016

Eighteen months later, on November 20, 2017, Petitioner filed a pro se "Motion To Toll The One-Year Statute of Limitation For Seeking Post-Conviction statute Relief." Petitioner alleged that his trial counsel's "mis-conduct and error" and "personal and emotional issues" prevented Petitioner from seeking post-conviction relief within the one-year statute of limitations. Petitioner claimed that his trial counsel had abandoned his case, violating his "constitutional right of Due Process," citing *Whitehead v. State*, 402 S.W.3d. 615, 623 (Tenn. 2013).

The post-conviction court entered an order appointing counsel and allowing Petitioner 30 days to file an amended petition. The post-conviction court's order did not address whether due process tolling of the one-year statute of limitations for post-conviction petitions was warranted in Petitioner's case.

Petitioner subsequently, through counsel, filed an amended petition, in which he incorrectly stated that his pro se petition was "timely filed" and that his guilty pleas were unknowingly and involuntarily entered because Petitioner's trial counsel provided ineffective assistance. Without addressing the tardiness of the post-conviction petition filing, the State filed a response on December 5, 2018. The slim two paragraph response simply denied the allegations, stating the "allegations do require an evidentiary hearing."

An evidentiary hearing was conducted on May 24, 2019 and July 26, 2019. Petitioner was the only witness to testify at the hearing. There was no testimony regarding the tardiness of Petitioner's petition or mention of a due process violation.

In a September 6, 2019 written order denying relief, the post-conviction court did not address the tardiness of petitioner's petition or address a due process tolling of the statute of limitations.

### *Analysis*

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file a petition for relief. T.C.A. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction

relief." *Id*. Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims unless a petitioner can establish he is entitled to due process tolling of the statute of limitations. *Id*.

When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. The Tennessee Supreme Court has outlined limited circumstances which call for due process tolling of untimely post-conviction petitions. One such circumstance allows a petitioner to prove his post-conviction petition was untimely due to attorney misrepresentation. *Williams v. State*, 44 S.W.3d 464, 468-69 (Tenn. 2001). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)).

The record reveals that Petitioner's judgments were entered on May 19, 2016; thus, the judgments became final on June 20, 2016. As such, Petitioner was required to file his post-conviction petition on or before June 20, 2017. On November 20, 2017, five months after the expiration of the statute of limitations, Petitioner filed a pro se motion to toll the post-conviction statute of limitations. From the record before us, tolling of the statute of limitations, for any purpose, was never addressed.

This Court has previously concluded that, "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004), *perm. app. denied* (Tenn. June 1, 2004). As such, if we conclude that a post-conviction court did not have jurisdiction to consider a petition for post-conviction relief because it was untimely and due process did not require the tolling of the statute of limitations, this Court must dismiss the appeal even if the State did not raise the statute of limitations, and the post-conviction court treated the petition as timely. *Stephen Willard Greene v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at *5 (Tenn. Crim. App. Apr. 25, 2007), *no perm. app. filed*.

No evidence was presented at the evidentiary hearing on the issue of tolling, and the parties did not address whether due process tolling applied to Petitioner's case. We believe, therefore, that the record must be more fully developed to determine whether the *Whitehead* factors are satisfied. Accordingly, we vacate the judgment of the post-conviction court and remand the case for a hearing to determine whether due process requires tolling of the statute of limitations so as to give Petitioner a reasonable opportunity

after the expiration of the limitations period to present his claim in a meaningful time and manner. Otherwise, the relief sought through post-conviction relief is time barred for Petitioner.

## CONCLUSION

For the aforementioned reasons, the judgment of the post-conviction court is vacated, and the case is remanded for further proceedings consistent with this opinion.


_____
TIMOTHY L. EASTER, JUDGE